Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: (323) 306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN LOYHAYEM, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> FRASER FINANCIAL AND INSURANCE SERVICES, INC.; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:20-cv-00894-MWF-JEM <br><br> **CLASS ACTION** <br><br> **THIRD AMENDED COMPLAINT FOR VIOLATIONS OF:** <br><br> 1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] <br> 2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)] <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff JONATHAN LOYHAYEM ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

THIRD AMENDED CLASS ACTION COMPLAINT

- 1 -

## NATURE OF THE CASE

1. Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant FRASER FINANCIAL AND INSURANCE SERVICES, INC. (hereinafter referred to as "Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a California resident, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company incorporated in California. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the State of California and Plaintiff resides within the County of Los Angeles.

## PARTIES

4. Plaintiff, JONATHAN LOYHAYEM ("Plaintiff"), is a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Defendant, FRASER FINANCIAL AND INSURANCE SERVICES, INC. (hereinafter "Defendant Fraser Financial"), is an investment and financial services company, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6. The above named Defendant, and its subsidiaries and agents, are hereinafter referred to as "Defendant." The true names and capacities of the Defendants sued herein as DOE DEFENDANT 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

7. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendant and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendant. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendant.

## FACTUAL ALLEGATIONS

8. Beginning in or around December of 2019, Defendant Fraser Financial made an unsolicited job recruitment call to Plaintiff on his cellular telephone number ending in -0653. This call was placed directly by an agent of Fraser Financial. Fraser Financial had actual knowledge and/or should have had knowledge of the conduct of its agent and therefore ratified the act. Additionally, a reasonable consumer similarly situated to Plaintiff would have believed that the robocall was placed by an agent of Defendant with its express authority, given that the robocall identified the company by name and was clearly made for the benefit of Defendant.

9. Plaintiff alleges that Fraser Financial is both directly liable for placing the call and in the alternative, that Fraser Financial is vicariously liable for the call to Plaintiff through an agency-principle relationship, as well as through apparent authority and ratification. See *In re Joint Petition Filed by Dish Network, LLC*, 28

THIRD AMENDED CLASS ACTION COMPLAINT

- 3 -

FCC Rcd. 6574 (2013); *Henderson v. United Student Aid Funds, Inc.*, 918 F.3d 1068 (9th Cir. 2019), as amended on denial of reh'g and reh'g en banc (May 6, 2019).

10. Plaintiff alleges that Fraser Financial was likewise acting as an agent of MassMutual, based on the content of the call placed to Plaintiff and is similarly vicariously liable for the conduct of Fraser Financial under a direct agency theory, apparent authority and ratification.

11. Defendant left a voice mail messages on Plaintiff's cellular telephone that utilized an automated telephone dialing system and "artificial or prerecorded voice" as prohibited by *47 U.S.C. § 227(b)(1)(A)*. Due to the nature of the call being placed with an automated prerecorded voice, Plaintiff alleges that such calls are almost always placed by systems that have the capacity to autodial and in fact are used in an automated fashion to dial stored lists of numbers and dial them in an automated fashion randomly or sequentially, and that such a system was used to place the call to his phone and the phones of other similarly-situated consumers.

12. On December 10, 2019, Defendant called and left the following pre-recorded voice mail message for Plaintiff:

> Hi, this is Don with Fraser Financial. It's a Mass Mutual Company. I recently saw your industry experience and I wanted to let you know that we're looking to partner with select advisers in the Los Angeles area. I thought you might be a fit. We use a financial planning process to help clients reach their goals. Just give me a call back at (323) 894-9508 if you're looking for a change and you'd like to learn how our business model may be able to help take your practice to the next level in 2020. The number again is (323) 894-9508. Thanks. I look forward to hearing from you. Bye."

13. Defendant contacted, or attempted to contact, Plaintiff, unsolicited, from a telephone number verified to belong to Defendant.

14. In its pre-recorded message, Defendant Fraser Financial represents it is a part of MassMutual. Defendant Fraser Financial brands itself as a "MassMutual Firm" on its website.

15. Defendant Fraser Financials' job recruitment call was intended for the benefit of Defendant.

16. Defendant Fraser Financial sells MassMutual's products and services, and a successful recruitment of Plaintiff would benefit the Defendant.

17. Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiff.

18. Furthermore, at one or more instance during these calls, Defendant utilized an "artificial or prerecorded voice" as prohibited by *47 U.S.C. § 227(b)(1)(A)*.

19. The call placed to Plaintiff interrupted his peace of mind and violated his privacy and therefore caused a concrete and particularized injury in fact. The call was placed to Plaintiff's personal residential cellular phone

20. Plaintiff suffered a concrete and particularized injury in fact as a result of the receipt of the robocall under established binding Ninth Circuit precedent because the call interrupted Plaintiff's peace of mind, invaded his privacy, which is the very harm Congress was attempting to protect by passing the TCPA:

> Congress sought to protect consumers from the unwanted intrusion and nuisance of unsolicited… phone calls and fax advertisements. See Pub. L. 102–243, § 2, ¶ 12. The session law for the TCPA itself stated: "Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Id. We also have recognized this congressional purpose. Satterfield, 569 F.3d at 954.
> The TCPA establishes the substantive right to be free from certain types of phone calls and texts absent consumer consent. Congress identified

> unsolicited contact as a concrete harm, and gave consumers a means to redress this harm. We recognize that Congress has some permissible role in elevating concrete, de facto injuries previously inadequate in law "to the status of legally cognizable injuries." Spokeo, 136 S.Ct. at 1549 (quoting Lujan, 504 U.S. at 578, 112 S.Ct. 2130). We defer in part to Congress's judgment, "because Congress is well positioned to identify intangible harms that meet minimum Article III requirements." Id. We also recognize that "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." Id.
> Congress aimed to curb …calls to which consumers did not consent by prohibiting such conduct and creating a statutory scheme giving damages if that prohibition was violated. Unlike in Spokeo, where a violation of a procedural requirement minimizing reporting inaccuracy may not cause actual harm or present any material risk of harm, see id. at 1550, the telemarketing text messages at issue here, absent consent, present the precise harm and infringe the same privacy interests Congress sought to protect in enacting the TCPA. Unsolicited …phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA "need not allege any additional harm beyond the one Congress has identified." Id. at 1549 (emphasis in original). Cf. Campbell–Ewald Co. v. Gomez, ––– U.S. ––––, 136 S.Ct. 663, 672, 193 L.Ed.2d 571 (2016) (affirming that "the District Court retained jurisdiction to adjudicate Gomez's [TCPA] complaint.").
> We hold that Van Patten alleged a concrete injury in fact sufficient to confer Article III standing.

*Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1043 (9th Cir. 2017).

21.     Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

22.     Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

23.     Plaintiff is not a customer of Defendant's services or in the market for

a job with Defendant, and has never provided any personal information, including his telephone number, to Defendant for any purpose whatsoever. Defendant Fraser Financial admits that it did not have Plaintiff's prior express consent, and that instead, Plaintiff's phone number was scraped from the internet without his consent and cold called, which is equivalent to dialing phone numbers pout of the phone book.

24. While the TCPA exempts those calls "made with the prior express consent of the called party," 47 U.S.C. § 227(b)(1)(A), no express consent was given in this case. Express consent is "[c]onsent that is clearly and unmistakably stated." *Black's Law Dictionary* 323 (8th ed. 2004). Consent can be provided through some other lesser means if not in writing, but still must be express, i.e. "clearly and unmistakably stated." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009). Defendant had no express consent to call Plaintiff, for any reason, on his personal cellular phone.

25. Defendant's calls to Plaintiff were unsolicited job recruitment calls, not telemarketing or solicitation calls. By alleging that the calls were "unsolicited" Plaintiff means that he did not provide his cellular telephone to Defendant, nor to any job recruitment agency under a scenario whereby he was inviting to receive recruitment calls of the nature that were placed to him by Defendant, either by indicating a willingness to be called in such a manner by Defendant, or by anyone else. Rather, Defendant simply took it upon itself to invade his privacy, without permission, due to the fact that a third-party agency publicly posted his number on the internet as a result of a statutory requirement to do so, in a similar manner that the white pages may do so with respect to a consumer's home telephone number.

26. The California Department of Insurance licensing database provides certain information about a particular insurance agent available to the public on its website. The Insurance Board requires insurance agents to maintain contact information, which is subsequently made available by the Board, primarily for

purposes of consumer transparency, i.e. so that consumers can have access to the record of a particular agent, including any disciplinary action taken against the agent, much like the State Bar website does with respect to licensed attorneys. Plaintiff's phone number was posted on the California Insurance Board website by the Insurance Board, not by Plaintiff. Moreover, Plaintiff was not actively involved in the public posting of his phone number, nor did Plaintiff authorize his number to be to be provided to or accessed by third parties for the purposes of making invasive automated calls.

27. Plaintiff did not invite these calls under any circumstances and was not in the market for a new job. Instead, Defendant scraped Plaintiff's phone number from the California Insurance Board website, which is an organization that requires Plaintiff as part of his holding an insurance agent license, to maintain current contact information. Plaintiff did not authorize Defendant to access his phone number, and Plaintiff did not authorize anyone to contact him via the Insurance Board website in order to recruit him for a job. Plaintiff was gainfully employed at the time, and not in the market for a job.

28. The TCPA is a content neutral statute; meaning, the content or reason for the call to Plaintiff is immaterial other than for purposes of determining what method of consent is required. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016), as revised (Feb. 9, 2016) (For telemarketing or solicitation calls (which the calls to Plaintiff were not) prior express consent must be obtained in writing. For job recruitment calls, like the call Plaintiff received, the standard is clearly set out in *Satterfield*. Although consent may be provided by lesser means it still must be "clearly and unmistakably" stated, and express. Here, there is simply no express consent, in writing or otherwise, for Plaintiff to receive any calls of any content, from the Defendant.

29. During all relevant times, Defendant did not possess Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an

artificial or prerecorded voice on its cellular telephones pursuant to *47 U.S.C. § 227(b)(1)(A)*. Defendant's actions of combing the internet for phone numbers of would-be customers, and then calling those individuals without their prior express consent, is not nearly enough to warrant even the lesser standard of consent for a non-solicitation call, which has been defined as "clearly" and "unmistakable" express consent under *Satterfield.*

30. While the FCC held in their 1992 TCPA Order, that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary", the FCC was quite clear to note that it was referencing persons who **released their phone numbers to the creditor who ultimately called them**, not to some other third party. The FCC stated in an immediate footnote (see footnote 34), "See 1992 TCPA Order, 7 FCC Rcd at 8769, para. 31 (citing House Report, 102-317, 1st Sess., 102nd Cong. (1991) at 13, "noting that in such instances the called party has in essence requested the contact by providing the caller with their telephone number for use in normal business communications"). This holding by the FCC is not intended to mean that persons who release their phone number to some other third party unaffiliated with the caller, are giving express consent to be called by the caller. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 7 FCC Rcd. 8752, 8769, ¶ 31 (Oct. 16, 1992) (the "1992 FCC Order"). Undoubtedly, Plaintiff never provided or released his phone number to the Defendant in this case, nor did he provide consent to it to call him for any reason whatsoever.

31. Defendant called Plaintiff to recruit him for employment with the company on his cellular telephone beginning in or around December 2019.

32. Plaintiff does not allege that this call was a telephone "solicitation", but rather that it was an unsolicited job recruitment call, and thus, this call does not fall under the purview of Section 47 U.S.C. § 227(c)(5), nor does Plaintiff allege a

THIRD AMENDED CLASS ACTION COMPLAINT

- 9 -

violation of this section of the statute.

33. Upon information and belief, based on Plaintiff's experiences of being called by Defendant, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent unlawful telephone job recruitment calls in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## CLASS ALLEGATIONS

34. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the classe (hereafter, "The Class") as defined as follows:

> All persons within the United States who received any unsolicited recruitment telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

35. Plaintiff represents, and is a member of, The Class, consisting of all persons within the United States who received any telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

36. Defendant, it's employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

37. The Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class

members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members. Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

38. Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

39. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

   a. Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

   b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

   c. Whether Defendant and it's agents should be enjoined from engaging in such conduct in the future.

40. As a person that received recruitment calls from Defendant using an

automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

41. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

42. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

43. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

44. Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

///
///
///

# FIRST CAUSE OF ACTION

## Negligent Violations of the Telephone Consumer Protection Act

## 47 U.S.C. §227(b).

## On Behalf of the Class

45. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

47. As a result of Defendant's negligent violations of *47 U.S.C. § 227(b)*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

48. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# SECOND CAUSE OF ACTION

## Knowing and/or Willful Violations of the Telephone Consumer Protection Act - 47 U.S.C. §227(b)

## On Behalf of the Class

49. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above.

50. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

51. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. §*

*227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

52. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

## JURY DEMAND

53. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully Submitted this 21st Day of July, 2020.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Adrian R. Bacon
Law Offices of Todd M. Friedman
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

Filed electronically on this 21st day of July, 2020, with:

United States District Court CM/ECF system

Notification sent electronically on this 21st day of July, 2020, to:

Honorable Judge Michael W. Fitzgerald
United States District Court
Central District of California

Betty Thi Huynh
Wendy M. Thomas
Markun Zusman Freniere and Compton LLP
Attorneys for Defendant Fraser Financial and Insurance Services, Inc.

Dated: July 21, 2020

s/Todd M. Friedman, Esq.
Todd M. Friedman