MARKUN ZUSMAN FRENIERE & COMPTON LLP
Wendy M. Thomas (SBN 268695)
E: wthomas@mzclaw.com
Betty T. Huynh (SBN 315880)
E: bhuynh@mzclaw.com
17383 Sunset Blvd, Suite A380
Pacific Palisades, CA 90272
T: (310) 454-5900
F: (310) 454-5970

*Attorneys for Defendant Fraser Financial and Insurance Services, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISON

| | |
|---|---|
| JONATHAN LOYHAYEM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FRASER FINANCIAL AND INSURANCE SERVICES, INC., and DOES 1 through 10, Inclusive,<br><br>Defendant. | Case No. 2:20-cv-00894-MWF-JEM<br><br>**DEFENDANT FRASER FINANCIAL AND INSURANCE SERVICES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6))**<br><br>[Memorandum of Points and Authorities, Declaration of Wendy M. Thomas, Request for Judicial Notice, and Proposed Order Filed Concurrently]<br><br>DATE: September 14, 2020<br>TIME: 10 a.m.<br>JUDGE: Hon. Michael W. Fitzgerald<br>DEPT: 5A<br><br>Date Action Filed: January 28, 2020<br>Date FAC Filed: March 27. 2020<br>Date SAC Filed: April 27, 2020<br>Date TAC Filed: July 21, 2020<br>Trial Date: Not Yet Set |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN THAT, on September 14, 2020, at 10 a.m., before the Honorable Michael W. Fitzgerald, in Courtroom 5A of the United States Courthouse for the Central District of California, Western Division, 350 West First Street, 5th Floor, Los Angeles, CA 90012-4565, Defendant Fraser Financial and Insurance Services, Inc ("Fraser" or "Defendant") will and hereby does move the Court to dismiss with prejudice the Telephone Consumer and Protection Act ("TCPA") claims asserted by Plaintiff Jonathan Loyhayem ("Plaintiff") in his Third Amended Complaint under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 regarding Plaintiff's Third Amended Complaint which took place in writing on July 24, 2020, and by phone conference on July 28, 2020.

As set forth in the accompanying Memorandum of Points and Authorities, there is good cause for the relief requested. Specifically, Plaintiff's claims for negligent and willful violation of the TCPA, 47 U.S.C. section 227(b), fail because:

(1) The District Court's July 6, 2020 Order held that the alleged job recruitment call does not fall within the scope of conduct prohibited by the TCPA. Plaintiff failed to amend this defect in the Third Amended Complaint, but instead reaffirmed that he received a job recruitment call, not a telemarketing call, rendering the Third Amended Complaint subject to dismissal.

(2) Plaintiff's argument that a "lesser" consent standard, distinct from the Federal Communications Commission's consent rule applies to job recruitment calls has no basis in fact.

(3) Consent is not required for the alleged call because a job recruitment call is not within the scope of conduct prohibited by the TCPA. Even if consent was required, Plaintiff provided prior express consent for the phone call by publicly listing the number at issue, ending in -0653, on the California

Department of Insurance website as the business number at which he wanted to be contacted in his capacity as an insurance agent. The alleged job recruitment call to Plaintiff was made to him in his capacity as an insurance agent and is closely connected to the purpose for which he publicly listed the phone number and/or bears relation to the type of service for which the number was provided.

(4) Plaintiff failed to plead violation of the TCPA against Defendant Fraser under a direct liability theory where Fraser did not physically place the alleged call to Plaintiff.

(5) Plaintiff failed to plead the existence of an actual agency relationship between Fraser and any alleged agent, which is required to hold Fraser vicariously liable for violation of the TCPA. Plaintiff alleged that the call was placed by an agent of Fraser, but Plaintiff did not identify the agent, and failed to allege facts as to each element of agency, including the manifestation of assent between Fraser and the alleged agent to act in an agent-principle relationship, the authority of the agent to act, and Fraser's right of control of the agent. Plaintiff alleged that he received a pre-recorded voice mail message, the content of which stated it was from "Don with Fraser Financial" but Plaintiff did not allege that "Don" physically placed the call, and did not allege that Don was an agent of Fraser. Plaintiff also failed to allege each element of agency to establish that Don is Fraser's alleged agent, including Don's authority to act on Fraser's behalf and Fraser's alleged right of control. Plaintiff's conclusory allegations that the call was made by an "agent" of Fraser is not accepted as true for purposes of a motion to dismiss where Plaintiff failed to plead any factual allegations to support these contentions.

(6) Plaintiff failed to plead the existence of an apparent agency by failing to identify any purported act or conduct by Fraser that gave him a reasonable

basis to believe that Fraser had authorized the alleged agent to call him.

(7) Plaintiff also failed to sufficiently plead ratification by failing to identify any specific act that Fraser took that would constitute ratification of the alleged agent's conduct. Plaintiff's claim that Fraser had actual knowledge or should have known of the alleged agent's conduct is conclusory and not accepted as true where Fraser cannot reasonably have knowledge of the conduct of an unidentified agent, and Plaintiff did not allege that Don is an agent of Fraser. Ratification cannot exist where no agency relationship exists.

(8) Plaintiff failed to sufficiently plead the use of an automatic telephone dialing system ("ATDS") where Plaintiff merely recited the definition of such system without any factual support that an ATDS was used. An ATDS must have the capacity to automatically dial numbers and Plaintiff's allegation that he received a prerecorded message has no bearing on how the call was dialed. Plaintiff's conclusory assertions are not accepted as true for purposes of a motion to dismiss.

(9) Lastly, Plaintiff failed to sufficiently allege a claim for willful or knowing violation of the TCPA against Fraser where, as noted above, Fraser could not reasonably have had knowledge of the alleged agent's conduct.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the Request for Judicial Notice and Declaration of Wendy M. Thomas filed concurrently and exhibits attached thereto, the pleadings and papers filed in this action; and such further argument as may be offered at the time of the hearing of this Motion.

//

//

//

| | | |
|---|---|---|
| 1 | Dated: August 4, 2020 | MARKUN ZUSMAN FRENIERE & COMPTON, LLP |
| 2 | | |
| 3 | | By: _____ |
| 4 | | Wendy M. Thomas |
| 5 | | Betty T. Huynh |
| 6 | | *Counsel for Defendant Fraser Financial and Insurance Services, Inc.* |