UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No.  CV-20-00894-MWF (JEMx)          Date:  September 15, 2020
Title:     Jonathan Loyhayem v. Fraser Financial and Insurance Services, Inc., et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                    Court Reporter:
Rita Sanchez                     Not Reported

Attorneys Present for Plaintiff:    Attorneys Present for Defendant:
None Present                        None Present

**Proceedings (In Chambers):**   ORDER RE: DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [36]

Before the Court is Defendant Fraser Financial and Insurance Services, Inc.'s ("Fraser") Motion to Dismiss for Failure to State a Claim on Which Relief can be Granted (the "Motion"), filed on August 4, 2020.  (Docket No. 36).  On August 24, 2020, Plaintiff Jonathan Loyhayem filed an Opposition.  (Docket No. 37).  On August 31, 2019, Defendant filed a Reply.  (Docket No. 39).

The Motion was noticed to be heard on September 14, 2020.  The Court read and considered the papers filed on the Motion and deemed the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.  Vacating the hearing was further consistent with General Order 20-09 arising from the COVID-19 emergency.  The hearing was therefore **VACATED** and removed from the Court's calendar.

For the following reasons, Fraser's Motion is **GRANTED *without leave to amend*** and the action is **DISMISSED**.  Once again, Plaintiff has failed to plead facts demonstrating Fraser's job recruitment call constitutes a telemarketing or advertisement call prohibited by the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-20-00894-MWF (JEMx)          Date:  September 15, 2020
Title:     Jonathan Loyhayem v. Fraser Financial and Insurance Services, Inc., et al.

## I. BACKGROUND

### A. Procedural History and the Parties

Plaintiff commenced this putative class action on January 28, 2020, against Fraser and Massachusetts Mutual Life Insurance Company ("Mass Mutual"). (*See generally* Complaint (Docket No. 1)). On March 9, 2020, the parties stipulated to allow Plaintiff to file a First Amended Complaint ("FAC"). (Docket No. 19). The Court granted the stipulation, and Plaintiff filed his FAC on March 27, 2020. (Docket Nos. 20, 23). After Plaintiff filed his FAC, the parties again met and conferred, and stipulated to allow Plaintiff to file a Second Amended Complaint ("SAC"). (Docket No. 24). The Court granted the stipulation (Docket No. 25) and Plaintiff filed his SAC on April 27, 2020. (Docket No. 26).

Defendant filed a Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted on May 11, 2019. (Docket No. 29). On July 7, 2020, the Court granted Defendant's Motion to Dismiss on the basis that Defendant's call to Plaintiff did not constitute a telemarketing or advertising call prohibited by the TCPA. (Order Granting Defendant's Motion to Dismiss ("Dismissal Order") (Docket No. 34)). The Court granted the motion with leave to file a Third Amended Complaint ("TAC"). (*Id.*). Plaintiff filed a TAC on July 21, 2020. (Docket No. 35).

Plaintiff is an individual residing in California. (TAC ¶¶ 2, 4). Fraser is an investment and financial services company incorporated in California. (*Id.* ¶ 5).

On May 26, 2020, Plaintiff voluntarily dismissed Mass Mutual with prejudice to his individual claims, but without prejudice as to the putative class claims. (Docket No. 32).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-20-00894-MWF (JEMx)      Date: September 15, 2020
Title:     Jonathan Loyhayem v. Fraser Financial and Insurance Services, Inc., et al.

### B.     Factual Background

The Court incorporates by reference the factual allegations outlined in this Court's July 7, 2020 order granting Defendant's Motion to Dismiss. (Dismissal Order at 2-4). The following facts are based solely on the additional factual allegations raised in Plaintiff's TAC, which the Court assumes are true and construes any inferences arising from those facts in the light most favorable to Plaintiff. *See, e.g.*, *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff") (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009)).

Beginning in or around December 2019, Defendant called Plaintiff on his cellular telephone to "recruit him for employment with the company." (TAC ¶ 31). Defendant's calls to Plaintiff were "unsolicited job recruitment calls," not "telemarketing or solicitation calls." (*Id.* ¶ 25). By alleging that the calls were "unsolicited," Plaintiff means that he did not provide his cellular telephone number to Defendant, nor to any job recruitment agency under a scenario whereby he was inviting recruitment calls. (*Id.*). Defendant had no express consent to call Plaintiff, for any reason, on his personal cellular phone. (*Id.* ¶ 24).

Plaintiff asserts that the California Department of Insurance licensing database provides public information about insurance agents on its website, and that Plaintiff's cell phone number was posted on the California Insurance Board website by the "Insurance Board." (*Id.* at 26). Plaintiff was not actively involved in the public posting of his phone number, nor did Plaintiff authorize his number to be to be provided to, or accessed by, third parties for the purposes of making automated calls. (*Id.*).

Defendant scraped Plaintiff's phone number from the "California Insurance Board" website, which Plaintiff contends is an organization that requires Plaintiff, as a licensed insurance agent, to maintain current contact information. (*Id.* ¶ 27). Plaintiff did not authorize Defendant to access his phone number from the website, and Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-20-00894-MWF (JEMx)**          **Date:  September 15, 2020**
**Title:**     Jonathan Loyhayem v. Fraser Financial and Insurance Services, Inc., et al.

did not authorize anyone to contact him via the Insurance Board website in order to recruit him for a job.  (*Id.*).  Plaintiff was gainfully employed at the time, and not in the market for a job.  (*Id.*).

## II.     REQUEST FOR JUDICIAL NOTICE

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  The Court may, however, take judicial notice of matters of public record outside the pleadings that are not subject to reasonable dispute.  Fed. R. Evid. 201(b); *see Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

Along with the Motion, Fraser asks the Court to take judicial notice of four documents.  (Request for Judicial Notice ("RJN") (Docket No. 37)).  Each of the four documents are attached as exhibits to the Declaration of Wendy M. Thomas ("Thomas Decl.") filed concurrently with the Motion (Docket No. 36-2):

- **Exhibit 1** – California Department of Insurance Individual License Details for Jonathan Loyhayem (License # 0H59893).  (Thomas Decl., Ex. No. 1 (Docket No. 36-3));

- **Exhibit 5** – California Department of Insurance Individual License Details for Grant Fraser (License # 0656661).  (Thomas Decl., Ex. No. 5 (Docket No. 36-7));

- **Exhibit 6** – California Secretary of State Details for Defendant Fraser Financial and Insurance Services, Inc. (License # C2158567).  (Thomas Decl., Ex. No. 6 (Docket No. 36-7)); and

- **Exhibit 7** – Articles of Incorporation of Defendant Fraser Financial and Insurance Services, Inc. (Thomas Decl., Ex. 7 (Docket No. 36-8)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV-20-00894-MWF (JEMx)         Date: September 15, 2020
Title:     Jonathan Loyhayem v. Fraser Financial and Insurance Services, Inc., et al.

Exhibits 1 and 5 were obtained from the California Department of Insurance ("DOI") website, a state agency website. The authenticity of such records is not subject to reasonable dispute. *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) ("[T]he court can take judicial notice of [p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies.") (internal quotation marks and citations omitted).

Exhibits 6 and 7 were taken from the California Secretary of State website and are likewise properly subject to judicial notice. *See L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 937-38 (C.D. Cal. 2011) ("[T]he accuracy of results of records searches from the Secretary of State for the State of California corporate search website can be determined by readily accessible resources whose accuracy cannot reasonably be questioned.").

Accordingly, Fraser's unopposed RJN is **GRANTED**.

### III. DISCUSSION

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

The elements of a TCPA claim are: "(1) the defendant called a cellular telephone; (2) using an automatic telephone dialing system ["ATDS"]; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

In relevant part, the TCPA prohibits "any telephone call that includes or introduces an advertisement or constitutes telemarketing[.]" 47 C.F.R. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-20-00894-MWF (JEMx)         Date:  September 15, 2020
Title:    Jonathan Loyhayem v. Fraser Financial and Insurance Services, Inc., et al.

64.1200(a)(2). An "advertisement" is "any material advertising the commercial availability or quality of any property, goods, or services." *Id.* § 64.1200(f)(1). "Telemarketing" is "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." *Id.* § 64.1200(f)(12).

"Prior express consent is a complete defense to [a] TCPA claim." *Reardon v. Uber Techs., Inc.*, 115 F. Supp. 3d 1090, 1097 (N.D. Cal. 2015) (citing *Van Patten v. Vertical Fitness Grp., LLC*, 22 F. Supp. 3d 1069, 1073 (S.D. Cal. 2014)).

This Court dismissed Plaintiff's SAC on the basis that Fraser's call to Plaintiff was not a telemarketing or advertising call prohibited by the TCPA and therefore did not require Plaintiff's prior express consent. (Dismissal Order at 8-10). Plaintiff's TAC fails to cure the defect in his SAC.

Rather than plead facts demonstrating that Fraser's call was a telemarketing or advertising call, Plaintiff explicitly reaffirms in his TAC that he received ***a job recruitment call***. (TAC ¶¶ 25, 31). Job recruitment calls do not fall within the scope of conduct prohibited by the TCPA. *Friedman v. Torchmark Corp.*, No. 12-CV-2837-IEG (BGSx), 2013 WL 1629084 at *5 (S.D. Cal. Apr. 16, 2013). Plaintiff therefore fails to plead facts sufficient to support his TCPA claims.

## IV.  CONCLUSION

Defendant's Motion is **GRANTED *without leave to amend*** and the action is **DISMISSED**.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.