**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONATHAN LOYHAYEM, individually and on behalf of all others similarly situated,<br><br>　　　　　　　*Plaintiff-Appellant*,<br><br>　　v.<br><br>FRASER FINANCIAL AND INSURANCE SERVICES, INC.; DOES, 1 through 10, inclusive,<br><br>　　　　　　　*Defendants-Appellees*. | No. 20-56014<br><br>D.C. No.<br>2:20-cv-00894-MWF-JEM<br><br><br>OPINION |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted July 6, 2021
Pasadena, California

Filed August 10, 2021

Before: D. Michael Fisher,[*] Paul J. Watford, and
Patrick J. Bumatay, Circuit Judges.

Opinion by Judge Watford

---

[*] The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

2      LOYHAYEM V. FRASER FINANCIAL & INS. SERVS.

## SUMMARY[**]

**Telephone Consumer Protection Act**

The panel reversed the district court's dismissal for failure to state a claim of an action alleging violation of the Telephone Consumer Protection Act in a job-recruitment "robocall" made to plaintiff's cell phone.

The panel held that the prohibition in the Act and its implementing regulation, 47 C.F.R. § 64.1200, against robocalls to cell phones is not limited to calls that include an advertisement or constitute telemarketing. The panel concluded that plaintiff's allegations sufficed to survive a motion to dismiss, and it therefore reversed and remanded.

**COUNSEL**

Adrian Bacon (argued), Todd M. Friedman, Meghan E. George, Thomas E. Wheeler, Law Offices of Todd M. Friedman, Woodland Hills, California, for Plaintiff-Appellant.

Wendy M. Thomas (argued) and Betty T. Huynh, Tadjedin Thomas & Engbloom La Group LLP, Culver City, California, for Defendants-Appellees.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

WATFORD, Circuit Judge:

To protect consumers' privacy interests, Congress enacted the Telephone Consumer Protection Act of 1991 (TCPA). Among other things, the TCPA generally makes it illegal to place what are colloquially known as "robocalls" to someone's home phone or cell phone, subject to differing rules depending on which type of phone number is called. 47 U.S.C. § 227(b)(1)(A)–(B). The statutory provision at issue here, which governs calls made to cell phones, provides in relevant part: "It shall be unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "any telephone number assigned to a . . . cellular telephone service." § 227(b)(1)(A)(iii).

The plaintiff in this case, Jonathan Loyhayem, filed this action under the TCPA after receiving a call to his cell phone that, he contends, violated the statutory provision just quoted. According to Loyhayem's complaint, the caller left a pre-recorded voicemail message that stated the following:

> Hi, this is Don with Fraser Financial. It's a Mass Mutual Company. I recently saw your industry experience and I wanted to let you know that we're looking to partner with select advisors in the Los Angeles area. I thought you might be a fit. We use a financial planning process to help clients reach their goals. Just give me a call back at [phone number] if you're looking for a change and you'd like to learn how our business model

>     may be able to help take your practice to the next level in 2020. The number again is [phone number]. Thanks. I look forward to hearing from you. Bye.

Loyhayem characterizes this call as a "job recruitment call," and he alleges that it was made using both an automated telephone dialing system and an artificial or pre-recorded voice. He also alleges that he did not expressly consent to receiving calls of this type from Fraser Financial.

In the ruling under review, the district court dismissed Loyhayem's action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The court held that the TCPA and the relevant implementing regulation, 47 C.F.R. § 64.1200, do not prohibit making job-recruitment robocalls to a cellular telephone number. The court read the Act as prohibiting robocalls to cell phones only when the calls include an "advertisement" or constitute "telemarketing," as those terms have been defined by the Federal Communications Commission (FCC). § 64.1200(f)(1), (13). Since Loyhayem admitted that the job-recruitment call he received did not involve advertising or telemarketing, the court concluded that he had not adequately pleaded a violation of the TCPA. Loyhayem challenges that ruling on appeal.

We agree with Loyhayem that the district court misread both the TCPA and the implementing regulation. As for the Act itself, it does not prohibit making robocalls to cell phones only if the calls involve advertising or telemarketing. The applicable statutory provision prohibits in plain terms "any call," regardless of content, that is made to a cell phone using an automatic telephone dialing system or an artificial or pre-recorded voice, unless the call is made either for

LOYHAYEM V. FRASER FINANCIAL & INS. SERVS. 5

emergency purposes or with the prior express consent of the person being called. 47 U.S.C. § 227(b)(1)(A)(iii).[1] Loyhayem adequately alleged that the call he received was not made for emergency purposes, *see* 47 C.F.R. § 64.1200(f)(4), and that he did not expressly consent to receiving it. So, at least as far as the statute is concerned, Loyhayem has stated a valid claim for violation of the TCPA.

Our review of the FCC's implementing regulation leads to the same conclusion. The portion of the regulation relevant here closely tracks the language of the statute, imposing the same broad prohibition on robocalls made to cell phones, subject to a caveat reflected in the language italicized below:

>(a) No person or entity may:
>
>(1) *Except as provided in paragraph (a)(2) of this section*, initiate any telephone call (other than a call made for emergency purposes or is made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice;
>
>. . .
>
>(iii) To any telephone number assigned to a paging service, cellular

---

[1] In 2015, Congress added to this provision a content-based exemption for calls made to collect a debt owed to the United States, but the Supreme Court invalidated that exemption in *Barr v. American Association of Political Consultants, Inc.*, 140 S. Ct. 2335 (2020).

6     LOYHAYEM V. FRASER FINANCIAL & INS. SERVS.

> telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 C.F.R. § 64.1200(a)(1) (emphasis added).

Loyhayem adequately alleged facts establishing a violation of this provision as well. The portion of the regulation that he contends governs here, subsection (a)(1)(iii), prohibits "any telephone call" made to a cell phone—again, regardless of content—unless the call was made either for emergency purposes or with the prior express consent of the person being called.[2] As noted, Loyhayem has alleged facts plausibly suggesting that the call he received did not involve an emergency and was not made with his prior express consent. Thus, nothing in the regulation supports dismissal of Loyhayem's action at the motion-to-dismiss stage.

The district court appeared to reach a contrary conclusion by relying on the caveat alluded to earlier. Section 64.1200(a)(1) includes the qualifier, "Except as provided in paragraph (a)(2) of this section." Paragraph (a)(2) creates a separate prohibition applicable to a subset of robocalls made to cell phones—those that involve advertising or telemarketing. It provides in relevant part:

> (a) No person or entity may:

---

[2] The FCC has created several narrow, content-based exemptions to this broad prohibition, but none of those exemptions applies here. *See* 47 C.F.R. § 64.1200(a)(1)(iv), (a)(9).

LOYHAYEM V. FRASER FINANCIAL & INS. SERVS.   7

> . . .
>
> > (2) Initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section, other than a call made with the prior express written consent of the called party
> > . . . .
>
> 47 C.F.R. § 64.1200(a)(2). For robocalls involving advertising or telemarketing, paragraph (a)(2) requires prior express *written* consent, whereas the calls covered by paragraph (a)(1) require prior express consent, which may be given either orally or in writing. *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 30 FCC Rcd. 7961, 7971 (2015).
>
> The district court read paragraph (a)(2) as effectively removing robocalls to cell phones from the scope of the TCPA's coverage unless the calls involve advertising or telemarketing. That is an incorrect reading of the regulation. The FCC amended 47 C.F.R. § 64.1200 to add paragraph (a)(2) in 2012. Before the amendment, paragraph (a)(1) read in all material respects just as it does today. It governed all robocalls to cell phones, and it required then, as it does now, that non-emergency robocalls be made with the "prior express consent" of the party being called. *See* 47 C.F.R. § 64.1200(a)(1)(iii) (2012). The FCC added paragraph (a)(2) to impose a *heightened* consent requirement for the subset of robocalls that involve advertising or telemarketing

8 Loyhayem v. Fraser Financial & Ins. Servs.

because the agency determined that, as to those calls, the existing consent requirements had proved ineffective in protecting consumers' privacy interests. 77 Fed. Reg. 34,233, 34,235, ¶ 7 (June 11, 2012). At the same time, the FCC made clear that it was maintaining the existing consent requirement found in paragraph (a)(1) for all other robocalls made to cell phones. *See id.* at 34,236, ¶ 11 (noting that the Commission was "maintain[ing] the existing consent rules for non-telemarketing, informational calls"); *id.* ¶ 12 (noting that "section 227(b)(1)(A) of the Act and its implementing rules continue to require some form of prior express consent for autodialed or prerecorded non-telemarketing calls to wireless numbers").

 The district court thus erred by overlooking paragraph (a)(1) of § 64.1200 and focusing exclusively on paragraph (a)(2). Loyhayem did not allege that the call he received involved advertising or telemarketing, but that simply means the heightened written consent requirement imposed by paragraph (a)(2) does not apply. Loyhayem's case is still governed by paragraph (a)(1), which requires that prior express consent have been given either orally or in writing. Loyhayem adequately alleged that he did not consent orally or in writing to receiving Fraser Financial's call. His factual allegations suffice to survive a motion to dismiss.

 **REVERSED and REMANDED.**